# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VANN LAWSON, )<br>　　　　Plaintiff, )<br> )<br>　　v. )　CAUSE NO.: 4:20-CV-0006-PPS-JPK<br> )<br>LOVE'S TRAVEL STOPS AND )<br>COUNTRY STORES, INC., )<br>　　　　Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Love's Travel Stops and Country Stores, Inc. invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal of Civil Action to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Vann Lawson and Defendant must be citizens of different states, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). Defendant has alleged a sufficient amount in controversy. Defendant has also sufficiently alleged its own citizenship. However, the allegations are insufficient as to the citizenship of Plaintiff.

The Notice of Removal states: "At the time the action was commenced in state court and at the present time, Plaintiff, Vann Lawson, was a resident of the City of McMinnville, State of Tennessee, making him a citizen of Tennessee for purposes of 28 U.S.C. § 1332." (Notice of Removal ¶ 4, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship. Citizenship of a natural person for purposes of diversity jurisdiction is determined by domicile, not by residence, "and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Allegations of residency in a state are therefore insufficient. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile— that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient").

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must sufficiently allege the citizenship of Plaintiff as outlined above. Therefore, the Court **ORDERS** Defendant to **FILE**, on or before **February 18, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of Plaintiff as stated above.

So ORDERED this 4th day of February, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT